**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MIGUEL RODRIGUEZ, et al., | CASE NO. CV F 10-1370 LJO MJS |
| vs. | **ORDER TO DENY WITHOUT PREJUDICE PLAINTIFFS' F.R.Civ.P. 60(b) MOTION** (Doc. 25.) |
| CITY OF MODESTO, et al, | |
| Defendants. / | |

Plaintiffs[1] seek F.R.Civ.P. 60(b)(1) relief from dismissal of their excessive force, unlawful arrest, *Monell* and related claims against the City of Modesto and eight of its peace officers (collectively "defendants") despite plaintiffs' pending appeal of dismissal of their claims.

This Court's January 6, 2011 order dismissed with prejudice all of plaintiffs' claims in their First Amended complaint, and judgment effective January 6, 2011 was entered against plaintiffs and in defendants' favor. Plaintiffs failed to file papers to oppose defendants' motion to dismiss. Plaintiffs filed an February 4, 2011 notice of appeal of dismissal of their claims, and the appeal remains pending before the Ninth Circuit Court of Appeals.

On April 8, 2011, plaintiffs filed their F.R.Civ.P. 60(b)(1) motion for relief of the judgment to claim that their counsel failed to calendar the deadline to oppose defendants' motion to dismiss and that

---

[1] Plaintiffs are Miguel Rodriguez ("Mr. Rodriguez"), Charisse Fernandez ("Ms. Fernandez"), and Adrian Alizaga ("Mr. Alizaga") and will be referred to collectively as "plaintiffs."

1

this Court erroneously dismissed plaintiffs' claims.

"The filing of a notice of appeal generally divests the district court of jurisdiction over the matters appealed." *Davis v. U.S.*, 667 F.2d 822, 824 (9th Cir. 1982) (vacating district court's order on motion to amend complaint during pendency of appeal). In the Ninth Circuit, the general rule is that "the filing of a notice of appeal divests the district court of jurisdiction to dispose of the motion after an appeal has been taken, without remand from this court." *Scott v. Younger*, 739 F.2d 1464, 1466 (9th Cir. 1984) (quoting *Long v. Bureau of Economic Analysis*, 646 F.2d 1310, 1318 (9th Cir. 1981)). "Because the filing of a notice of appeal generally divests the district court of jurisdiction over matters appealed," a district court lacks power to amend its dismissal of an action. *Pro Sales, Inc. v. Texaco, U.S.A.*, 792 F.2d 1394, 1396, n. 1 (9th Cir. 1986).

"To seek Rule 60(b) relief during the pendency of an appeal, 'the proper procedure is to ask the district court whether it wishes to entertain the motion, or to grant it, and then move this court [Ninth Circuit], if appropriate, for remand of the case.'" *Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004) (citations omitted). An "appellant may make a motion to the court of appeals for a remand if the district court indicates an intention to grant the Rule 60(b) motion." A district court lacks jurisdiction to address a post-appeal F.R.Civ.P. 60(b) motion "without remand" from the Ninth Circuit. *Smith v. Lujan*, 588 F.2d 1304, 1307 (1979). "Because [petitioner] did not observe the procedure required to revest the district court with jurisdiction to consider his Rule 60(b) motion, we conclude that the district court's . . . order denying the motion is void for lack of jurisdiction." *Williams*, 384 F.3d at 586.

Plaintiffs' F.R.Civ.P. 60(b) motion is premature and beyond this Court's jurisdiction. Plaintiffs do not follow the Ninth Circuit's procedure in that they essentially ask this Court to ignore the Ninth Circuit's jurisdiction over dismissal of plaintiffs' claims. Plaintiffs have not asked whether this Court will entertain the motion, they presume it will. Plaintiffs make no reference to the Ninth Circuit's procedure to seek remand for this Court's consideration of their F.R.Civ.P. 60(b) motion.

The gist of plaintiffs' F.R.Civ.P. 60(b) motion is to unwind dismissal of their excessive force claims as barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994). At this stage, this Court's order to grant plaintiffs' requested relief would be void for lack of jurisdiction. Putting aside the effect of the pending appeal, this Court questions the limited record of the excusable neglect of plaintiffs'

1 counsel's failure to oppose timely dismissal of plaintiffs' claims.  Nonetheless, this Court is open to
2 consider the issue as well as whether it erred to dismiss plaintiffs' excessive force claims, if it had
3 jurisdiction to do so.
4      In the absence of this Court's jurisdiction, this Court is unable to entertain or grant plaintiffs'
5 requested relief.  Upon proper remand from the Ninth Circuit, this Court will consider plaintiff's
6 F.R.Civ.P. 60(b) motion but not prior to remand.  As such, without such remand, this Court DENIES
7 without prejudice plaintiffs' F.R.Civ.P. 60(b) motion and VACATES the May 19, 2011 hearing on
8 plaintiffs' F.R.Civ.P. 60(b) motion.
9      Defendants need not respond to plaintiffs' F.R.Civ.P. 60(b) motion at this time.
10      IT IS SO ORDERED.
11 **Dated:     April 11, 2011**         /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE