FILED

**NOT FOR PUBLICATION**

AUG 02 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIGUEL RODRIGUEZ; CHARISSE FERNANDEZ; ADRIAN ALIZAGA,<br><br>　　　　Plaintiffs - Appellants,<br><br>　v.<br><br>CITY OF MODESTO, a municipal corporation; ROY WASDEN, Police Chief, in his official capacity; RON CLOWARD, Lieutenant; JOHN BUEHLER, Sergeant; JEFF SPRUILL; JAMES MURPHY; CASEY GRAHAM; FLORENCIO COSTALES; RONNY ZIYA; MARK FONTES, Police Officers; KALANI SOUZA,<br><br>　　　　Defendants - Appellees. | No. 11-15306<br><br>D.C. No. 1:10-cv-01370-LJO-MJS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted March 14, 2013
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: FISHER and NGUYEN, Circuit Judges, and GARBIS, District Judge.[**]

On February 8, 2009, a series of interactions transpired between City of Modesto police officers and Plaintiffs Miguel Rodriguez, Charisse Fernandez, and Adrian Alizaga, culminating in Plaintiffs' arrest.  Plaintiffs each entered a nolo contendere plea to a charge of resisting, delaying, or obstructing a peace officer in violation of California Penal Code § 148(a)(1).[1]  Thereafter, Plaintiffs brought suit under 42 U.S.C. § 1983 and state law against the arresting officers, alleging the officers falsely arrested and exerted excessive force upon Plaintiffs.  Plaintiffs also asserted a *Monell* claim against the City of Modesto and Police Chief Wasden and a supervisory liability claim against Lt. Cloward.  Plaintiffs appeal the district court's dismissal of their claims as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and its state-law analogue or for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

We have jurisdiction under 28 U.S.C. § 1291.  We review *de novo* a district court's dismissal for failure to state a claim, *Cook v. Brewer*, 637 F.3d 1002, 1004

---

[**] The Honorable Marvin J. Garbis, Senior United States District Judge for the District of Maryland, sitting by designation.

[1] California law provides that, except for certain evidentiary distinctions, a nolo contendere plea is "considered the same as a plea of guilty."  Cal. Penal Code § 1016(3).

2

(9th Cir. 2011), and review for an abuse of discretion a district court's decision to dismiss with prejudice, *Okwu v. McKim*, 682 F.3d 841, 844 (9th Cir. 2012). We affirm in part, reverse in part, and remand to the district court for further proceedings consistent with this decision.

**1.** Under the Supreme Court's decision in *Heck*, a plaintiff cannot maintain a § 1983 suit for damages if success on the § 1983 claim would "necessarily imply" the invalidity of a related prior criminal conviction, such as by negating an element of the convicted offense. 512 U.S. at 486-87 & n.6. California recognizes a similar doctrine, and the "California Supreme Court has not distinguished between the application of *Heck* to § 1983 [excessive force ] claims and the application of analogous California law to state-law claims." *Hooper v. Cnty. of San Diego*, 629 F.3d 1127, 1134 (9th Cir. 2011) (citing *Yount v. City of Sacramento*, 183 P.3d 471, 484 (Cal. 2008)).

Under California law, an essential element of a valid § 148(a)(1) conviction is that the police officer was acting lawfully in the discharge or attempted discharge of her duties at the time the defendant resisted, delayed, or obstructed the officer. *See Garcia v. Superior Court*, 99 Cal. Rptr. 3d 488, 500 (Ct. App. 2009). A police officer is not lawfully performing her duties if she arrests an individual without probable cause, *see id.*, or uses unreasonable or excessive force on the

3

individual at the time the defendant's unlawful resistance, delay or obstruction is occurring, *see People v. Olguin*, 173 Cal. Rptr. 663, 667 (Ct. App. 1981).

Plaintiffs' convictions establish for purposes of *Heck* that at some point during the February 8 incident, Plaintiffs resisted, delayed, or obstructed the arresting officers at a time when the officers were acting lawfully, and thus using reasonable force, in violation of § 148(a)(1). Therefore, to the extent Plaintiffs maintain they did nothing wrong and were arrested without reason, the district court correctly dismissed their § 1983 and state law claims in light of *Heck* and its California analogue, because success on such claims would necessarily imply Plaintiffs did not violate § 148(a)(1).

*Heck* is not the death knell of Plaintiffs' § 1983 excessive force claims, however. Plaintiffs may, consistent with *Heck*, pursue claims that the arresting officers used excessive force subsequent to Plaintiffs' unlawful resistance, delay, or obstruction, such as a claim of post-arrest excessive force, *see Sanford v. Motts*, 258 F.3d 1117, 1119-20 (9th Cir. 2001), or a claim that, though having a right to use reasonable force based on Plaintiffs' § 148(a)(1) violations, the arresting officers responded with excessive force, *see Hooper*, 629 F.3d at 1133; *Yount*, 183 P.3d at 481-82.

For these reasons, we conclude that the district court erred in holding that, as a matter of law, *Heck* and its state-law equivalent preclude Plaintiffs from maintaining *any* possible claim of excessive force arising from the February 8 incident.  Yet Plaintiffs did fail to put Defendants on notice as to the nature of their excessive force claims.  Plaintiffs did not allege facts showing how the force at issue differed from or exceeded the reasonable force Defendants lawfully could have employed to arrest Plaintiffs for their § 148(a)(1) violations.  Since it appears that the complaint may be amended to present claims that would not be *Heck*-barred, the district court abused its discretion by dismissing with prejudice the § 1983 excessive force and state law battery claims.  *See AE ex rel. Hernandez v. Cnty. of Tulare* , 666 F.3d 631, 637-38 (9th Cir. 2012).

**2.**  We affirm the district court's dismissal of Plaintiffs' state law civil rights claim, Cal. Civ. Code §§ 51.7, 52.1, as wholly conclusory.  *See United States v. Sandoval-Orellana*, 714 F.3d 1174, 1178 (9th Cir. 2013) ("[W]e may affirm the denial of a motion to dismiss on any basis supported by the record.").  Plaintiffs' claim merely recites the statutory language of California Civil Code §§ 51.7 and 52.1, making it impossible to discern even what the factual basis is for this claim.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

5

suffice."). Because these claims were asserted for the first time in the First Amended Complaint and Plaintiffs have not yet had an opportunity to cure their pleading deficiencies, however, the district court abused its discretion in dismissing this claim without leave to amend.

**3.** The district court properly dismissed the First Amended Complaint as against Officer Souza. The vague allegation that Officer Souza held a police dog near Plaintiff Fernandez's head while she lay handcuffed on the ground is inadequate to state a claim for excessive force, battery, or a violation of California Civil Code §§ 51.7 and 52.1. It is possible, however, that Plaintiffs' allegation could be supplemented with more detail to support cognizable claims against Officer Souza. *See Mendoza v. Block*, 27 F.3d 1357, 1361-62 (9th Cir. 1994) (holding that use of a police dog in a § 1983 suit is subject to excessive force analysis); *see also Robinson v. Solano Cnty.*, 278 F.3d 1007, 1014-15 (9th Cir. 2002) (holding viable excessive force claim based upon pointing of a gun at suspect's head at close range).

**4.** The district court erred in dismissing the supervisory liability claim against Lt. Cloward with prejudice because the First Amended Complaint sufficiently alleges that Lt. Cloward was the ranking officer on the scene at the February 8 incident and personally directed the arresting officers. *Cf. Hansen v.*

*Black*, 885 F.2d 642, 646 (9th Cir. 1989) (dismissing supervisory liability claim where the complaint included "no allegation that the police chief was personally involved in the incident"). Although Plaintiffs have not adequately alleged a Fourth Amendment violation underlying their supervisory liability claim, they may be able to do so in an amended complaint.

    **5.** The district court properly dismissed with prejudice the wholly conclusory *Monell* claim against the City of Modesto and Chief Wasden. The district court had previously dismissed the *Monell* claim with leave to amend on the ground that the complaint contained insufficient factual allegations. Yet, in their First Amended Complaint, Plaintiffs once again failed to include any factual allegations to support their claim. *See Iqbal*, 556 U.S. at 678.

    For the aforesaid reasons, we affirm the district court's dismissal with prejudice of Plaintiffs' false arrest and *Monell* claims. We affirm the district court's dismissal of the First Amended Complaint as against Officer Souza, and of Plaintiffs' supervisory liability claim, excessive force claims, and violation of California Civil Code §§ 51.7 and 52.1 claims, but we reverse the district court's decision to dismiss these claims without leave to amend. We remand to the district court to permit amendment of the complaint consistent with this decision.

    **The parties shall bear their own costs of appeal.**

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**