LAW OFFICE OF STEVEN R. YOURKE
Steven R. Yourke, Esq. (SBN# 118506)
1048 Larkin St., No. 11
San Francisco, CA 94109
Phone: (415) 424-0022
Email: steven.yourke3@ gmail.com

LAW OFFICE OF JOHN BURRIS
John L. Burris, Esq. (SBN# 69888)
7767 Oakport St., Suite 1120
Oakland, CA 94621
Phone: (510) 839-5200

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL RODRIGUEZ, et al., <br> Plaintiffs, <br> vs. <br> CITY OF MODESTO, et al. <br> Defendants. | U.S.D.C. Case No. 1:10-cv-1370-LJO-MJS <br><br> **SECOND AMENDED COMPLAINT** |

### **INTRODUCTION**

1. This action arises from the arrests of plaintiffs MIGUEL RODRIGUEZ, CHARISSE FERNANDEZ and ADRIAN ALIZAGA on February 8, 2009 in Modesto, California by the defendant police officers who were employed by the Modesto Police Department. Plaintiffs sue for violation of their Fourth Amendment rights pursuant to 42 U.S.C. Section 1983 (unreasonable force by police) and for assault, battery, negligence and

violation of civil rights under California Civil Code sections 51.7 and 52.1 (unreasonable use of force)

## JURISDICTION AND VENUE

2. Plaintiff sues for violation of civil rights pursuant to 42 U.S.C. section 1983. This court has jurisdiction over such claims pursuant to 28 U.S.C. sections 1331 and 1343 and has ancillary jurisdiction over Plaintiff's state law claims.

3. The acts and omissions giving rise to Plaintiffs claims occurred in Modesto, California and therefore the appropriate venue for this action is the United States District Court for the Eastern District of California located in Fresno, California.

## IDENTIFICATION OF PARTIES

4. Plaintiffs and each of them are natural persons. At all relevant times, they all resided in Modesto, California.

5. Defendant CITY OF MODESTO (hereinafter "CITY") is a municipal corporation duly organized and existing under the laws of the State of California.

6. Defendants JAMES MURPHY, RONALD ZIYA, MARK FONTES and KALANI SOUZA, were at all relevant times police officers employed by the CITY OF MODESTO. Said defendants, and each of them, are sued in their individual capacities.

7. Defendant RONALD CLOWARD is and was at all relevant times a Police Lieutenant employed by the CITY OF MODESTO. He is sued in his individual capacity.

8. Defendant JON BUEHLER is and was at all relevant times a police official with the rank of sergeant employed by the CITY OF MODESTO. He is sued in his individual capacity.

9. All individuals named as defendants were employed by the CITY OF

MODESTO and acted within the course and scope of such employment when they committed the acts complained of herein.

10. Plaintiff is unaware of the true names of those persons sued herein as Does 1 through 10 and therefore sues said persons by such fictitious names. Plaintiff is informed and believes that Does 1 through 10 are police officers employed by the City of Modesto Police Department and that each of them caused injury to Plaintiffs as set forth below while acting within the course and scope of their official duties. Plaintiffs will substitute the true names of such defendants when they become known.

11. All defendants acted under color of law in committing the acts complained of herein.

12. Plaintiffs demand a jury trial.

13. Plaintiff has complied with all relevant requirements of the California Government Tort Claims Act.

**STATEMENT OF FACTS**

14. On February 8, 2009 at approximately 1:00 a.m., Plaintiffs CHARISSE FERNANDEZ and MIGUEL RODRIGUEZ were among a large group of people who were gathered at the home of Adrian Alizaga in Modesto, California, to celebrate his birthday. They had been playing music and the police were called to investigate a noise complaint by a neighbor. When the police arrived at Alizaga's residence, the music had already been turned off. An officer knocked at the front door of the home and Alizaga opened it and stepped outside. When he did not come back, several of the house guests, including Plaintiffs, went outside to investigate. When they went outside, they observed a lot of police officers and they saw that Alizaga was laying on the ground in handcuffs, apparently under arrest.

15. RODRIGUEZ stood on the front lawn and attempted to speak to the police to find out why Alizaga had been arrested. FERNANDEZ stood on the front porch. The police ordered the crowd of people who had come outside to move back or go back inside the house. RODRIGUEZ remained on the front lawn and did not move back. Suddenly, without any warning, a police officer approached Rodriguez and grabbed him from behind in an apparent effort to place him under arrest. Rodriguez was surprised at being grabbed by a police officer but he did not offer any physical resistance. However, within moments, another officer, defendant FONTES, approached RODRIGRUEZ and Tasered him several times, a second officer, defendant MURPHY, deployed his canine against RODRIGUEZ, and a third officer, defendant ZIYA, struck RODRIGUEZ with his police issued baton. RODRIGUEZ was clearly unarmed and did not offer any physical resistance to the police at all, even after they used force against him.

16. RODRIGUEZ was arrested for "delaying, obstructing or resisting" the police, a misdemeanor under California Penal Code section 148(a). Police handcuffed him and escorted him to a nearby patrol car. An officer whose true identity is unknown to Plaintiffs and who is sued herein as Doe Defendant No. 2 put a shotgun to RODRIGUEZ' back and banged his head against the roof of the patrol car. RODRIGUEZ told Doe No. 2 that he had an injured leg and asked him to be careful with it. Doe No. 2 then deliberately attempted to injure RODRIGUEZ' by bending his bad leg backward. This caused RODRIGUEZ pain and he was terrified and pleaded for mercy. He screamed "What are you doing to me? I have a daughter!" Doe No. 2 responded by yelling, "Fuck your daughter, you piece of shit!" The officer then threw RODRIGUEZ in the back of a patrol car, injuring his bad leg in the process and causing him to cry out in pain. RODRIGUEZ feared for his life. The police then took RODRIGUEZ to the local hospital for medical clearance

and from there to the jail. He was released the following morning at around 1:00 a.m. with a citation.

17. Plaintiff CHARISSE FERNANDEZ came outside along with RODRIGUEZ and the other houseguests to see what had happened to her boyfriend, Alizaga. She observed him lying on the ground in handcuffs and she observed the police using force against RODRIGUEZ as described above. She was standing on the front porch of the house when she was suddenly grabbed without warning by Defendant Officer BUEHLER who threw her roughly to the ground on the front lawn and handcuffed her, face down, on the grass. Defendant Officer SOUZA then held a police dog close to hear head. The dog was straining at the leash and lunging and barking aggressively at FERNANDEZ, causing her to scream loudly in terror for her life. While she was screaming and lying face-down on the lawn in handcuffs, another officer whose true identity is presently unknown to Plaintiffs and is therefore sued herein under the fictitious name of Officer John Doe No. 1, approached her from behind and struck her about the legs several times with his club. Eventually, the police placed FERNANDEZ in the back of a patrol car and transported her to a local hospital for medical clearance where her injuries were noted. She was then taken to the jail where she was booked on misdemeanor charges of Penal Code section 148(a), commonly called "resisting" police.

18. Defendant Lieutenant CLOWARD was the ranking officer on the scene and he observed the police conduct described above and complained of herein and did nothing to prevent it or stop it or protect the Plaintiffs from such unlawful use of force.

**STATEMENT OF INJURIES**

19. Plaintiff RODRIGUEZ sustained multiple contusions and abrasions from having been bitten by a police dog, struck by police clubs and shot with tasters. He also suffered a lot of physical pain and emotional distress.

20. Plaintiff FERNANDEZ suffered multiple contusions and severe cervical strain from having been thrown to the ground by police and struck about the legs with a baton. She also suffered physical pain and severe emotional distress.

### FIRST CAUSE OF ACTION

### Violation of Civil Rights – 42 U.S.C. sections 1983
### (By Plaintiff FERNANDEZ against Officers BUEHLER, SOUZA & DOE #1)

21. Defendant Officer BUEHLER grabbed plaintiff FERNANDEZ from off the porch and threw her roughly to the ground on the front lawn. Such use of force was objectively unreasonable under the circumstances because FERNANDEZ did not physically resist the police at all, did not pose any threat to them at all, did not attempt to flee and had not committed any violent crime. If BEUHLER wanted to arrest FERNANDEZ, he should have simply informed her she was arrest and then ordered her to place her hands behind her back so she could be handcuffed. There was no reason at all for BUEHLER to grab her and throw her to the ground.

22.     BUEHLER thus violated FERNANDEZ' right not to be subjected to unreasonable force as protected under the Fourth Amendment to the United States Constitution. FERNANDEZ sues BUEHLER for damages for violation of civil rights pursuant to 42 U.S.C. Section 1983.

### SECOND CAUSE OF ACTION –

### Battery – FERNANDEZ against BUEHLER

23.     Plaintiffs incorporate by reference all allegations of fact set forth in paragraphs 1 through 22, inclusive.

24.     By using unlawful force against FERNANDEZ as described above, BUEHLER committed the common law tort of battery for which FERNANDEZ seeks relief as set forth below.

### THIRD CAUSE OF ACTION

**(Violation of Civil Rights (42 U.S.C. section 1983) by plaintiff FERNANDEZ against Defendant officer SOUZA)**

25.     Plaintiffs incorporate by reference all allegations of fact set forth in paragraphs 1 through 24, inclusive.

26.     While FERNANDEZ lay face down on the front lawn and handcuffed behind her back, Defendant Officer SOUZA held a police canine on a leash within a few inches of her face where it threatened to attack and maul FERNDANDEZ while she lay helpless on the ground, screaming loudly and in fear of her life. The canine was barking and growling at FERNANDEZ very aggressively and was lunging at her very near her face.

27.     SOUZA's deployment or threatened deployment of the police canine in such manner was unreasonable under the circumstances because FERNANDEZ did not pose any threat to the police, had not physically resisted the police, had not attempted to flee, and had only been arrested for a non-violent misdemeanor.

28.     SOUZA thereby violated FERNANDEZ' right to be free from unreasonable force as protected by the Fourth Amendment to the United States Constitution.

29.     Fernandez sues SOUZA for damages for violation of said Fourth Amendment rights pursuant to 42 U.S.C. section 1983.

### FOURTH CAUSE OF ACTION

**(Tortious Assault  - against SOUZA and CITY OF MODESTO)**

30. Plaintiff incorporates by reference as if fully set forth each and every allegation of fact set forth in paragraphs 1 – 29, above.

31. SOUZA committed the tort of assault by threatening FERNANDEZ with the police canine in the manner described above.

## FIFTH CAUSE OF ACTION
### (Violation of Civil Rights – Cal. Civil Code section 51.7 & 52.1)
### FERNANDEZ vs. SOUZA

31. Plaintiffs incorporate by reference all allegations of fact set forth in paragraphs 1 through 30, inclusive.

32. By threatening FERNANDEZ with deployment of the police canine, SOUZA violated FERNANDEZ' right to be free from unreasonable force, or the threat of unreasonable force, as protected by the Fourth Amendment, U. S. Constitution, and did so in a manner involving threats, intimidation or coercion and thus FERNANDEZ sues SOUZA for damages under California Civil Code section 52.1.

## SIXTH CAUSE OF ACTION
### FERNANDEZ vs. Officer John Doe No. 1 and CITY OF MODESTO
### Violation of Civil Rights, Civil Code section 52.1

33. Plaintiffs incorporate by reference all allegations of fact set forth in paragraphs 1 through 30, inclusive.

34. While FERNANDEZ lay face-down on the lawn, handcuffed behind her back, and was being threatened with violence by a police canine, a police officer whose true identity is unknown to Plaintiffs and who is therefore sued as John Doe No. 1, struck FERNANDEZ repeatedly about the legs with his police issued baton.

35. The use of the baton by such police officer was unreasonable because Fernandez was not physically resisting the police and did not pose any threat to the police at all.

36. The use of the baton against Fernandez by Officer John Doe No. 1 violated FERNANDEZ' Fourth Amendment right to be free from the unreasonable use of force by police.

37. FERNANDEZ sues the City of Modesto for damages for violation of her Fourth Amendment rights pursuant to California Civil Code section 52.1 because the use of the baton by Doe No. 1 involved threats, intimidation or coercion.

## SEVENTH CAUSE OF ACTION
### Battery
### FERNANDEZ vs. Officer John Doe No. 1 and CITY OF MODESTO

38. Plaintiffs incorporate by reference all allegations of fact set forth in paragraphs 1 through 37, inclusive.

39. By striking Plaintiff FERNANDEZ about the legs with his baton, Officer John Doe No. 1 committed the tort of battery.

40. Plaintiff FERNANDEZ sues defendant CITY OF MODESTO for battery committed by the unknown officer pursuant to the legal doctrine of *respondeat superior*.

## EIGHTH CAUSE OF ACTION
### Violation of Civil Rights – 42 U.S.C. Section 1983
### Rodriguez v. Officer Murphy

41. Plaintiffs incorporate by reference all allegations of fact set forth in paragraphs 1 through 19, inclusive.

42. Defendant Officers MURPHY's deployment of a police canine against Rodriguez as complained of herein was unreasonable under the circumstances because RODRIGUEZ had not offered any physical resistance to the police at all, did not pose any threat to the police, was not attempting to flee and had committed only a non-violent misdemeanor. The canine bit RODRIGUEZ several times and caused him deep lacerations with its teeth.

43.     By deploying his canine against RODRIGUEZ, MURPHY violated RODRIGUEZ' right to be free from unreasonable force as protected by the Fourth Amendment to the United States Constitution.

44.     RODRIGUEZ sues MURPHY for violation of said Fourth Amendment rights pursuant to 42 U.S.C. Section 1983.

**NINTH CAUSE OF ACTION**
**Violation of Civil Rights – California Civil Code Section 52.1**
**RODRIGUZ vs. Officer MURPHY**

45.     Plaintiffs incorporate by reference all allegations of fact set forth in paragraphs 1 through 19, inclusive.

46.     MURPHY violated RODRIGUEZ' Fourth Amendment rights by means of threats, intimidation or coercion.

47.     RODRIGUEZ sues MURPHY for violation of said Fourth Amendment rights pursuant to California Civil Code section 52.1

**TENTH CAUSE OF ACTION**
**Battery - RODRIGUZ vs. Officer MURPHY**

48.     Plaintiffs incorporate by reference all allegations of fact set forth in paragraphs 1 through 19, inclusive.

49.     By deploying his police canine against RODRIGUEZ unlawfully, Officer MURPHY committed the common law tort of battery.

**ELEVENTH CAUSE OF ACTION for**
**Violation of Civil Rights – 42 U.S.C. Section 1983**
**RODRIGUEZ vs. Officer FONTES**

50.     Plaintiffs incorporate by reference all allegations of fact set forth in paragraphs 1 through 19, inclusive.

51.     Defendant FONTES deployment of a police issued Taser against RODRIGUEZ was unreasonable under the circumstances because RODRIGUEZ did not offer any physical resistance to the police or threaten them in any way and had committed, at most, only a non-violent misdemeanor.

52.     By using unreasonable force against RODRIGUEZ, FONTES violated RODRIGUEZ' right to be free from unreasonable force by police as protected by the Fourth Amendment to the United States Constitution and RODRIGUEZ sues said defendant for damages pursuant to 42 U.S.C. section 1983.

**TWELFTH CAUSE OF ACTION**
**Violation of Civil Rights – 42 U.S.C. Section 1983**
**Rodriguez v. Officer ZIYA**

52.     Plaintiffs incorporate by reference all allegations of fact set forth in paragraphs 1 through 19, inclusive.

53.     Defendant officer ZIYA's use of a police issued baton against RODRIGUEZ was unreasonable because RODRIGUEZ had not resisted the police physically or threatened them in any way and had been arrested for a non-violent misdemeanor.

54.     Plaintiff ROGRIGUEZ therefore sues Officer ZIYA for violation of his Fourth Amendment right to be free from unreasonable force pursuant to 42 U.S.C. Section 1983.

**THIRTEENTH CAUSE OF ACTION**
**Battery – RODRIGUEZ against CITY OF MODESTO**

55.     Plaintiffs incorporate by reference all allegations of fact set forth in paragraphs 1 through 19, inclusive.

56.     An unknown police officer sued herein under the fictitious name of John Doe No. 2 committed the tort of battery against plaintiff RODRIGUEZ by intentionally putting a shotgun to

his back while placing him in the patrol car even though RODRIGUEZ was handcuffed behind his back and was clearly unarmed and did not pose any threat to the police at all. The officer also committed battery by deliberately pulling Plaintiffs' leg backward in such a manner as to cause him injury and pain.

57. Said officer was acting in the course and scope of his employment with the Modesto Police Department at the time he committed such battery;

58. Plaintiff RODRIGUEZ therefore sues the CITY OF MODESTO for batter under the legal doctrine of *respondeat superior.*

**FOURTEENTH CAUSE OF ACTION**
**Fourth Amendment – Failure to Supervise – Violation of Civil Rights**
**All Plaintiffs against Lieut. CLOWARD**

59. Plaintiffs incorporate by reference all allegations of fact set forth in paragraphs 1 through 20, inclusive.

60. Defendant Lieutenant CLOWARD was the highest ranking officer on the scene when Plaintiffs were arrested and he personally directed and encouraged his subordinates in violating Plaintiff's Fourth Amendment rights as described herein;

61. CLOWARD was aware of the abusive behavior of the other defendant officers; he had a legal duty to intervene and to exercise appropriate command functions in order to protect Plaintiffs and each of them from being abused and injured by the police;

62. He deliberately failed to act to protect Plaintiffs from harm.

63. CLOWARD's active direction and encouragement of the police abuse complained of herein and his knowing and deliberate failure to protect Plaintiffs against such abuse was a proximate cause of Plaintiffs' injuries.

64. Plaintiffs and each of them therefore sue defendant CLOWARD for violation of their Fourteenth Amendment rights pursuant to 42 U.S.C. Section 1983.

### FIFTHEENTH CAUSE OF ACTION
### Negligence – Failure to Adequately Supervise
### (All Plaintiffs against Lieut. CLOWARD)

65. Plaintiffs incorporate by reference all allegations of fact set forth in paragraphs 1 through 20, inclusive.

66. Defendant Lieutenant CLOWARD owed a duty of care to Plaintiffs and each of them, a duty to adequately supervise the police officers under his command so as to protect Plaintiffs from unlawful police use of force.

68. CLOWARD failed to use reasonable care in discharging his duty to supervise the officers under his command'

69. CLOWARD'S failure to discharge his duty of care to Plaintiffs proximately caused them to suffer severe injuries from the unlawful use of force by the police under CLOWARD'S command.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and each of them seek relief as follows:

Plaintiff CHARISSE FERNANDEZ demands compensatory damages of $1,000,000;

Punitive damages against defendant SOUZA in the amount of $100,000.00;

Punitive damages against defendant John Doe No. 1 in the amount of $100,000.00;

Plaintiff MIGUEL RODRIGUEZ demands compensatory damages in the amount of $1,000,000.00; punitive damages against defendant MURPHY in the amount of $100,000.00; Punitive damages against defendant FONTES in the amount of

$100,000.00; punitive damages against defendant ZIYA in the amount of $100,000.00; punitive damages against John Doe no. 2 in the amount of $100,000.00.

Both plaintiffs demand an award of attorney's fees and costs as permitted by statute.

Dated: September 25, 2013.            LAW OFFICE OF STEVEN YOURKE

/S/

_____

STEVEN R. YOURKE, ESQ.